UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: _____

**HAMED RODRIGUEZ ARCHITECT, INC.,**
**and JOHN P. FULLERTON**

      Plaintiffs,
v.

**JEAN FRANCOIS ROY,**
**OCEAN LAND EQUITIES, INC., and,**
**MSA ARCHITECTS, INC.**

      Defendants.
_____/

**COMPLAINT FOR COPYRIGHT INFRINGEMENT, AND**
**DEMAND FOR JURY TRIAL**

Plaintiffs Hamed Rodriguez Architect, Inc. ("HRA") and John P. Fullerton ("Fullerton" collectively with HRA the "Plaintiffs"), by and through their undersigned counsel, bring this complaint for copyright infringement, alteration of copyright management information, unjust enrichment, and breach of contract against Jean Francois Roy ("JFR"), Ocean Land Equites, Inc. ("OLE"), and MSA Architects, Inc. ("MSA" collectively with JFR and OLE the "Defendants"), and in support allege as follows:

**NATURE OF THE LAWSUIT**

1. This is an action for copyright infringement and alteration of Copyright Management Information by Defendants of: U.S. Copyright Nos.: VAu 1-256-758 (**Exhibit A**) (the "Architectural Work"), and VAu 1-256-759 (**Exhibit B**) (the "Technical Drawings," collectively with Architectural Work the "Asserted Works"), each arising under the copyright laws of the United States. *See,* 17 U.S.C. §§ 101 et seq. Additionally, Defendants have been unjustly enriched by their actions; and, JFR breached his contract with Plaintiffs.

## JURISDICTION AND VENUE

2.      This Court has original and exclusive subject matter jurisdiction pursuant to: 28 U.S.C. § 1331; 28 U.S.C. § 1338; and, 17 U.S.C. § 101, et. seq.

3.      This Court has personal jurisdiction over Defendants pursuant to, *inter alia*, Fla. Stat. § 48.193 (the "Florida Long Arm Statute"), as Defendants: a) operate, conduct, engage in, and carry on businesses in Florida and/or have offices or agencies in Florida; b) have committed one or more tortious acts within Florida; c) and are engaged in substantial and not isolated activity within Florida; and, d) have purposely availed themselves of the laws, services and/or other benefits of the State of Florida and therefore should reasonably anticipate being hailed into one or more of the courts within the State of Florida.

## PLAINTIFF HRA

4.      Plaintiffs HRA is a Florida Corporate with a principal place of business located in Coconut Grove, Miami-Dade, Florida.

5.      HRA is a preeminent full service architectural design and consulting firm. Its projects include: commercial architecture; interior design; health care architecture; residential architecture; hotels and resorts design; and, architectural planning.

6.      HRA is led by Hamed Rodriguez. Mr. Rodriguez is an accomplished architect of international renown.

7.      Mr. Rodriguez has tremendous expertise in both commercial and residential architectural work and interior design, land planning, sustainable consulting, building analysis reports and energy cost reduction strategies. His architectural planning and design are famous and have won many awards.

8. Mr. Rodriguez built HRA as a: Florida registered architect and LEED Approved Professional; recipient of the AIA Hendry Adams Medal; the architect of the first LEED Gold building in Miami-Dade County.

## PLAINTIFF FULLERTON

9. John P. Fullerton, has nearly fifty (50) years of experience in the architectural industry, and in 2008 was the recipient of a Lifetime Achievement Award in Architecture by the American Institute of Architects Miami Chapter. The Lifetime Achievement Award is one of AIA's most prestigious acknowledgments. It paid homage to the innovative and successful career Mr. Fullerton enjoyed for the then preceding forty (40) years.

10. Mr. Fullerton began his career as an architect in the early 1960's working for large developers near his hometown of Fort Myers, Florida.

11. In 1967, Mr. Fullerton relocated to Miami and began his career at Spillis, Candela & Partners where he spent a year as a draftsman before forming Harum/Nichols/Fullerton & Associates.

12. After eleven years, Mr. Fullerton started his own firm, Fullerton Diaz Architects ("FDA"), with partner Julio Diaz.

13. Then, for about thirty (30) years, Mr. Fullerton created some of the most notable and breathtaking buildings in the Miami skyline.

14. In 2007, because of Fullerton's famous work FDA was awarded the coveted Firm of the Year Award by the AIA, which built upon Fullerton's place as critical player in Miami's architectural community.

15. Mr. Fullerton's style has been described as high-end, artistic, big impact, eclectic and is apparent in the scope of his portfolio which includes Everglades on the Bay, Murano,

Murano Grande, The Palms, Bristol Towers, Coral Gables' War Memorial Youth Center, Ocean Grande, and the Continuum.

16. Mr. Fullerton is an internationally renown architect and often credited with moving Miami forward with his innovative designs and his focus on excellence.

17. Mr. Fullerton is noted for visual innovation, versatility and providing value to his clients in the areas or architecture, interior design, land planning, programming, consulting and land analysis.

18. Since at least the 1970s, Mr. Fullerton shaped the South Florida skyline, with projects ranging from complex commercial spaces to contemporary residential units.

19. Mr. Fullerton, like Mr. Rodriguez is one the most recognized and distinguished Architects in South Florida and the world.

20. Together Mr. Fullerton and HRA are the joint authors and the claimants of the works embodied the Asserted Works.

21. Plaintiffs have engaged the undersigned attorneys and agreed to pay them a reasonable fee.

**DEFENDANT JFR**

22. On information and belief, Defendant JFR is an expatriate of Quebec Canada, resides at 57 Isle of Venice Dr., Fort Lauderdale, FL 33301-1430 and/or 60 Hendricks Isle, Apt 401, Fort Lauderdale, FL 33301, and also maintains a business address of 1800 Las Olas Blvd., Ft. Lauderdale, FL 33301. JFR has moved several times in the past several months, and previously resided in Boca Raton Florida. JFR uses the email addresses of: DIANE.ROY@HOTMAIL.COM, jfroy@oceanlandinc.com, j.francoisroy@oceanland.com, and, jfroy@oceanlandinc.com.

## DEFENDANT OLE

23. On information and belief, OCEAN LAND EQUITIES, INC. is an administratively dissolved Florida Corporation controlled by Defendant JFR and at one time operating from 1 S Ocean Blvd. STE 204 Boca Raton, FL 33432. Defendant JFR now uses OCEAN LAND EQUITIES, INC. as an alias for the many businesses he operates from his various homes and business at 1800 Las Olas Blvd., Ft. Lauderdale Florida 33301.

## DEFENDANT MSA

24. On information and belief, MSA Architects, Inc. is a Florida Corporation with offices at 7695 S W 104TH STREET, STE 100, MIAMI, FL 33156 and a registered agent at Interamerican Corporate Services LLC 2525 Ponce de Leon Blvd. Suite 1225 Coral Gables, FL 33134.

## THE OCEANSIDE RESIDENCES

25. Plaintiffs designed the building and architectural work titled Oceanside Residences that registered as U.S. Copyright Reg. No. VAu-1-256-758. The Architectural Work includes the overall form as well as the arrangement and composition of spaces and elements in the design.

26. Plaintiffs also created the visual work of art in their Technical Drawings of the Oceanside Residences as embodied in U.S. Copyright Reg. No. VAu-1-256-759.

27. Plaintiffs own all right, title and interests in, and has standing to sue for infringement of the Asserted Works.

ASSOULINE & BERLOWE, P.A.
1801 N. Military Trail, Suite 160, Boca Raton, Florida 33431 • Telephone: (561) 361-6566 • Facsimile: (561) 361-6466

## DEFENDANTS' INFRINGEMENT

28.     Defendant JFR knew that Plaintiffs created the Asserted Works.

29.     Defendants JFR copied the Asserted Works and provided them to MSA to create derivative works that copy the overall form and the arrangement and composition of spaces and elements in the design of the Asserted Works for Defendant OLE. *See, e.g.,* **Exhibit C** attached (the "Infringing Plan").

30.     Defendants knew or should have known the Infringing Plan was copied from Plaintiffs' Asserted Works.

31.     It is typical in the design of a building as described in the Asserted Works and Infringing Plan that the authors be paid at least an initial fee for authoring the work and a use fee of at least five percent (5%) of the actual or estimated cost to build the building if the work or a derivative thereof was used in any plans submitted and/or built.

32.     The minimum cost to build the Ocean Side Residences as described in the Asserted Works and the Infringing Plan is one-hundred-fifty-million dollars ($150,000,000.00).

33.     The Plaintiffs required at least a twenty-five-thousand dollar ($25,000.00) initial fee for creation of the work, plus a use and/or building fee.

34.     The profits to the Defendants from the use of the Asserted Works is expected to be far greater than what Plaintiffs would require or would be typical for development of such a building.

35.     Defendant MSA received at least $150,000.00 from Defendant JFR for Defendant MSA's copying and use of the Technical Drawings.

**ASSOULINE & BERLOWE, P.A.**
1801 N. Military Trail, Suite 160, Boca Raton, Florida 33431 • Telephone: (561) 361-6566 • Facsimile: (561) 361-6466

36. Notably, the building made from the Asserted Works and Infringing Plans will be the largest building in Fort Lauderdale, which is considered by many to be the "Venice of the Americas," and an international hub well known for its style and architecture.

37. Defendants also contribute to and induce further infringement of the Asserted Works by distributing the Infringing Plans and encouraging others to copy and do the same.

38. Defendants are also vicariously liable for the infringement of the Asserted Works as they have a direct financial interest in the infringement and ability to control the infringement.

39. All conditions precedent to bringing the action have occurred or have been waived.

## COUNT I - INFRINGEMENT OF THE ARCHITECTUAL WORK
(against all Defendants)

40. Plaintiffs reallege paragraphs 1-39, as fully and completely as if set forth verbatim herein.

41. Defendants had access to the Architectural Work.

42. Defendants copied the Architectural Work.

43. The Infringing Plan is substantially similar to the Architectural Work.

44. The Infringing Plan is strikingly similar to the Architectural Work.

45. The Plaintiffs have been damaged at least seven-million-five-hundred-fifteen-thousand dollars ($7,515,000.00) by Defendants' infringement.

46. The profits to the Defendants from the use of the work are expected to be far greater than seven-million-five-hundred-fifteen-thousand dollars ($7,515,000.00).

47. Defendants' activities alleged in this Count have been without license permission or authorization from Plaintiffs.

48. The activities of Defendants as set forth in this Count have been to the injury, detriment and irreparable harm of Plaintiffs.

**WHEREFORE,** Plaintiffs demand judgment, pray for relief against Defendants, and respectfully request that the Court:

A. enter a finding of infringement against Defendants of the Architectural Work;

B. pursuant to 17 U.S.C. § 504(a)(1), award in favor of Plaintiffs and against Defendants jointly and severely as Plaintiffs may have suffered, but in no event less than seven-million-five-hundred-fifteen-thousand dollars ($7,515,000.00);

C. pursuant to 17 U.S.C. § 502 and other applicable laws, enter an injunction preliminarily and permanently enjoining infringement;

D. pursuant to 17 U.S.C. § 503 and other applicable laws, enter an order for the impounding and disposition of the infringing articles;

E. award Plaintiffs their costs against Defendants; and,

F. award in favor of Plaintiffs and against Defendants such other further relief as is just, fair or equitable.

### COUNT II - <u>INFRINGEMENT OF THE TECHNICAL DRAWINGS</u>
(against all Defendants)

49. Plaintiffs reallege paragraphs 1-39, as fully and completely as if set forth verbatim herein.

50. Defendants had access to the Technical Drawings.

51. Defendants copied the Technical Drawings.

52. The Infringing Copies are substantially similar to the Technical Drawings.

53. The Infringing Copies are strikingly similar to the Technical Drawings.

54. The Plaintiffs has been damaged at least seven-million-five-hundred-fifteen-thousand dollars ($7,515,000.00) by Defendants' infringement.

55. Defendants' activities alleged in this count have been without license permission or authorization from Plaintiffs.

56. The activities of Defendants as set forth in this Count have been to the injury, detriment and irreparable harm of Plaintiffs.

**WHEREFORE,** Plaintiffs demand judgment, pray for relief against Defendants, and respectfully request that the Court:

A. enter a finding of infringement against Defendants of the Technical Drawings;

B. pursuant to 17 U.S.C. § 504(a)(1) and other applicable laws, award in favor of Plaintiffs and against Defendants jointly and severely as Plaintiffs may have suffered, but in no event less than seven-million-five-hundred-fifteen-thousand dollars ($7,515,000.00);

C. pursuant to 17 U.S.C. § 502 and other applicable laws, enter an injunction preliminarily and permanently enjoining infringement;

D. pursuant to 17 U.S.C. § 503 and other applicable laws, enter an order for the impounding and disposition of the infringing articles;

E. award Plaintiffs their costs against Defendants; and,

F. award in favor of Plaintiffs and against Defendants such other further relief as is just, fair or equitable.

**COUNT III – VIOLATION OF INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION IN THE ARCHITECTURAL WORK**
(against all Defendants)

57. Plaintiffs reallege paragraphs 1-39, as fully and completely as if set forth verbatim herein.

58. The following copyright management information was conveyed in connection with copies of the Architectural Work: (a) the title and other information identifying the work; (b) the name of, and other identifying information about, the authors of a work. (c) the name of, and other identifying information about, the copyright owners of the work; (d) terms and conditions for use of the work; (e) identifying numbers or symbols referring to such information or links to such information; and, (f) other copyright management information.

59. Defendants without the authority of the copyright owners or the law intentionally removed and altered the copyright management information.

60. Defendants knowingly and with the intent to induce, enable, facilitate, or conceal infringement provided copyright management information that was false, and distributed copyright management information that is false.

61. Defendants also distributed copyright management information knowing that the copyright management information had been removed and altered without authority of the copyright owners and distributed the Architectural Works, copies of Architectural Works, including the Infringing Plans, knowing that copyright management information had been removed or altered without authority of the copyright owner or the law.

62. Defendants knew or should have known that their distribution of the Infringing Plans with altered copyright management information would induce, enable, facilitate, or conceal an infringement of the Plaintiffs' copyright in the Architectural Works.

63. Defendants' activities alleged in this count have been without license permission or authorization from Plaintiffs.

64. The activities of Defendants as set forth in this Count have been to the injury, detriment and irreparable harm of Plaintiffs.

**WHEREFORE,** Plaintiffs demand judgment, pray for relief against Defendants, and respectfully request that the Court:

A.　enter a finding of violation by the Defendants of the Integrity of the Copyright Management Information of the Architectural Work;

B.　pursuant to 17 U.S.C. § 1203(b)(1) and other applicable laws, grant temporary and permanent injunctions against Defendants on such terms as it deems reasonable to prevent or restrain a violation of the integrity of the copyright management information, including but not limited to proper attribution of Plaintiffs as the architects of the building;

C.　pursuant to 17 U.S.C. § 1203(b)(2) and other applicable laws, order the impounding, on such terms as it deems reasonable, of any device or product that is in the custody or control of the alleged violator and that the court has reasonable cause to believe was involved in a violation;

D.　award to the Plaintiffs the actual damages suffered by the Plaintiffs as a result of the violation, and any profits of the Defendants that are attributable to the violation and are not taken into account in computing the actual damages, if the Plaintiffs party elects such damages at any time before final judgment is entered or statutory damages of no less than twenty-five-thousand dollars ($25,000.00);

E.　order the remedial modification or the destruction of any device or product involved in the violation that is in the custody or control of the violator or has been impounded;

F.　award reasonable attorneys' fees to the Plaintiffs;

G.　award Plaintiffs their costs against Defendants; and,

H.　award in favor of Plaintiffs and against Defendants such other further relief as is just, fair or equitable.

### COUNT IV – VIOLATION OF INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION IN THE TECHNICAL DRAWINGS
(against all Defendants)

65.   Plaintiffs reallege paragraphs 1-39, as fully and completely as if set forth verbatim herein.

66.   The following copyright management information was conveyed in connection with copies of the Technical Drawings: (a) the title and other information identifying the work; (b) the name of, and other identifying information about, the authors of a work. (c) the name of, and other identifying information about, the copyright owners of the work; (d) terms and conditions for use of the work; (e) identifying numbers or symbols referring to such information or links to such information; and, (f) other copyright management information.

67.   Defendants without the authority of the copyright owner or the law intentionally removed and altered the copyright management information.

68.   Defendants knowingly and with the intent to induce, enable, facilitate, or conceal infringement provided copyright management information that was false, and distributed copyright management information that is false.

69.   Defendants also distributed copyright management information knowing that the copyright management information had been removed and altered without authority of the copyright owner and distributed the Technical Drawings, copies of Technical Drawings, including the Infringing Plans, knowing that copyright management information had been removed or altered without authority of the copyright owner or the law.

70.   Defendants knew or should have known that their distribution of the Infringing Plans with altered copyright management information would induce, enable, facilitate, or conceal an infringement of the Plaintiffs' copyright in the Technical Drawings.

71.     Defendants' activities alleged in this count have been without license permission or authorization from Plaintiffs.

72.     The activities of Defendants as set forth in this Count have been to the injury, detriment and irreparable harm of Plaintiffs.

**WHEREFORE,** Plaintiffs demand judgment, pray for relief against Defendants, and respectfully request that the Court:

A.      enter a finding of violation by the Defendants of the Integrity of the Copyright Management Information of the Technical Drawings;

B.      pursuant to 17 U.S.C. § 1203(b)(1) and other applicable laws, grant temporary and permanent injunctions against Defendants on such terms as it deems reasonable to prevent or restrain a violation of the integrity of the copyright management information, including but not limited to proper attribution of Plaintiffs as the architects of the building;

C.      pursuant to 17 U.S.C. § 1203(b)(2) and other applicable laws, order the impounding, on such terms as it deems reasonable, of any device or product that is in the custody or control of the alleged violator and that the court has reasonable cause to believe was involved in a violation;

D.      award to the Plaintiffs the actual damages suffered by the Plaintiffs as a result of the violation, and any profits of the Defendants that are attributable to the violation and are not taken into account in computing the actual damages, or statutory damages of no less than twenty-five-thousand dollars ($25,000.00);

E.      order the remedial modification or the destruction of any device or product involved in the violation that is in the custody or control of the violator or has been impounded;

F.      award reasonable attorneys' fees to the Plaintiffs;

G.	award Plaintiffs their costs against Defendants; and,

H.	award in favor of Plaintiffs and against Defendants such other further relief as is just, fair or equitable.

## COUNT V – <u>UNJUST ENRICHMENT</u>
(against all Defendants)

73.	Plaintiffs reallege paragraphs 1-39, as fully and completely as if set forth verbatim herein.

74.	Defendant JFR promised that Plaintiffs would be paid for its Asserted Works.

75.	Plaintiffs trusted Defendant JFR and justifiably relied on Defendant JFR's promise to pay Plaintiff.

76.	Defendant JFR provided the Asserted Works to Defendants OLE and MSA.

77.	OLE and MSA used the Asserted Works to create the Infringing Plan that was submitted to the city of Fort Lauderdale for permits for construction.

78.	Defendants accepted and retained the benefit of the Plaintiffs Asserted Works which under the circumstances is inequitable.

79.	Defendants have been unjustly enriched by their use of the Asserted Works.

80.	Defendants' activities alleged in this count have been without license permission or authorization from Plaintiffs.

81.	The activities of Defendants as set forth in this Count have been to the injury, detriment and irreparable harm of Plaintiffs.

82.	Plaintiffs have no adequate remedy at law.

**WHEREFORE,** Plaintiffs demand judgment, pray for relief against Defendants, and respectfully request that the Court:

    A.    award damages to Plaintiffs from Defendants jointly and severally as Plaintiffs suffered in amount of at least seven-million-five-hundred-fifteen-thousand dollars ($7,515,000).

    B.    award Plaintiffs their costs against Defendants; and,

    C.    award in favor of Plaintiffs and against Defendants such other further relief as is just, fair or equitable.

### COUNT VI – BREACH OF CONTRACT AGAINST DEFENDANT JFR
(against Defendant JFR)

83. Plaintiffs reallege paragraphs 1-39, as fully and completely as if set forth verbatim herein.

84. Plaintiffs provided Defendant JFR with a proposed written Agreement (the "Agreement").

85. The Agreement required a ten-thousand dollar ($10,000.00) down payment plus another fifteen-thousand dollars ($15,000.00) upon creation of the drawings.

86. The Agreement required payment to Plaintiffs by JFR of three percent (3%) of the total cost and fees for building and/or use of the Architectural Work or a derivative thereof.

87. The Parties accepted the terms and JFR paid Plaintiffs the ten-thousand dollar ($10,000.00) retainer/deposit.

88. Plaintiffs substantially performed under the Agreement by creating the Asserted Works.

89. JFR refuses to pay the remaining fifteen-thousand dollars ($15,000.00) for creation of the Asserted Works and has now used the Asserted Works without authorization by submitting the Infringing Plans which were copied from the drawings to the city of Fort Lauderdale for building permits.

90. JFR expressly repudiated the contract by telling the Plaintiffs he would not perform his obligations under the Agreement and refusing to pay for the Asserted Works.

91. JFR also refuses to pay Plaintiffs their building and/or use fees which at a minimum should be four-million-five-hundred-thousand dollars ($4,500,000.00).

92. Plaintiffs had a reasonable expectation that the value of their agreement was over four-million-five-hundred-thousand dollars ($4,500,000.00) and are entitled to the full benefit of their bargain.

93. The Plaintiffs discounted their fee which normally would be over seven-million-five-hundred-thousand dollars ($7,500,000.00), because the Plaintiffs and JFR took into consideration in their bargain that the Plaintiffs could leverage the contract and money to be paid to Plaintiffs by JFR for additional projects worth far more.

94. JFR's breach was in bad faith.

95. The activities of JFR as set forth in this Count have been to the injury, detriment and irreparable harm of Plaintiffs.

**WHEREFORE,** Plaintiffs demand judgment, pray for relief against Defendant JFR, and respectfully request that the Court:

A. enter a finding of breach of contract against JFR;

B. award Plaintiffs their full damages to compensate them for their loss;

C. award Plaintiffs their costs against JFR; and,

D. award in favor of Plaintiffs and against JFR such other further relief as is just, fair or equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.

DATED:  November 7, 2016			Respectfully submitted,

                                                  **ASSOULINE & BERLOWE, P.A.**
                                                  1801 N. Military Trail, Suite 160
                                                  Boca Raton, Florida 33431
                                                  Telephone: 561-361-6566
                                                  Facsimile:  561-361-6466

                                          By: s/Peter A. Koziol
                                                  Peter A. Koziol (FBN 030446)
                                                  pak@assoulineberlowe.com
                                                  Peter E. Berlowe, Esq. (FBN 143650)
                                                  peb@assoulineberlowe.com
                                                  Alan Krinzman, Esq. (FBN 570176)
                                                  ak@assoulineberlowe.com

                                                **Attorneys for Plaintiffs,**
                                                **Hamed Rodriguez Architect, Inc., and**
                                                **John P. Fullerton**